672 P.2d 1327

UNITED FARM WORKERS OF AMERICA, AFL–CIO, a labor organization, Plaintiff-Appellant,

v.

ARIZONA AGRICULTURAL EMPLOYMENT RELATIONS BOARD and Woods Company, an Arizona corporation, Defendants-Appellees.

No. 1 CA–CIV 6467.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 20, 1983.

McKendree & Lubin by Stanley Lubin, Phoenix and Lopez, Alcala, Chavez, Eggers & Flores by Ellen J. Eggers, Keene, Cal., for plaintiff-appellant.

State of Ariz. Agr. Employment Relations Bd. by William Gibney, Gen. Counsel, Phoenix, for defendant-appellee State.

Rolle, Jones, Benton and Cole by Tom C. Cole, Yuma, for defendant-appellee Woods Co.

## OPINION

JACOBSON, Chief Judge.

What is the scope of judicial review of the refusal of general counsel of the Arizona Agricultural Employment Relations Board to issue a complaint arising out of a controversy over which the Board has administrative jurisdiction? This is the basic issue presented by this appeal.

In October, 1979, the appellant, United Farm Workers of America (UFW) filed an unfair labor practice charge with appellee, Agricultural Employment Relations Board (Board) contending that appellees, Woods Company (Woods) was guilty of an unfair labor practice because of the alleged discriminatory firing of union employees.

The matter was referred to the general counsel of the Board who, after investigation, on January 4, 1980, refused to issue a complaint on the UFW charge. On this same date the UFW filed a second charge of unfair labor practices against Woods, arising out of related allegations against Woods. In March, 1980, the general counsel again refused to issue a complaint on this charge.

Due to the Board's promulgation of a regulation dealing with the disclosure of evidence which would be relevant to the charges filed by the UFW, the Board remanded the matter back to its general counsel. On March 18, 1981, the general counsel again refused to issue a complaint. This refusal was approved by the Board on May 6, 1981, and the UFW sought judicial review in the superior court of this decision under the Administrative Procedure Review Act, A.R.S. § 12–901 *et seq.,* in essence seeking to compel the Board and its general counsel to initiate a complaint and prosecute Woods for the alleged unfair labor practices.

The superior court entered judgment for the Board and Woods and the UFW has appealed.

The UFW's basic contention on appeal is that the office of the general counsel failed to properly investigate its allegations of unfair labor practices and therefore its failure to issue a complaint and the Board's approval of the refusal was unreasonable. Inherent in the UFW's contention is that general counsel's discretion in issuing or refusing to issue complaints for unfair labor practices is subject to judicial review.

The Board argues that under A.R.S. § 23–1386(D) the general counsel's authority to issue or refuse to issue complaints in the area of unfair labor practices is absolute and therefore not subject to judicial review. In view of our resolution of this issue, the underlying facts surrounding the alleged unfair labor practices are immaterial to the resolution of this appeal.

In 1972, the Arizona Legislature, in response to growing labor unrest in the seasonal agricultural business, enacted the Arizona Agricultural Employment Relations Act. A.R.S. § 23–1381 *et seq.* (Supp.1982). This comprehensive legislation dealt with such diverse subjects as elections of employee bargaining representatives, defining unfair labor practices, establishes various employee rights, and the proscription of a range of employer and union practices. The Act also established a board to administer the Act and further provides for the office of a general counsel to represent the Board.[1]

A.R.S. § 23–1386(D) created the office of general counsel and provides:

D. There shall be a general counsel of the board who shall be appointed by the governor. The general counsel shall be the exclusive legal representative of the board, *shall have final authority, on behalf of the board, with respect to the investigation of charges and the issuance of complaints under § 23–1390 and with respect to the prosecution of such complaints by the board,* and shall have such other duties as the board may prescribe or as may be provided by law. The general counsel shall appoint such assistants as shall be needed to carry out the work of the office. (Emphasis added.)

A.R.S. § 23–1390 provides the procedure by which the Board shall hear and determine complaints filed before it for unfair labor practices described in A.R.S. § 23–1385.

Based upon the "final authority" language of A.R.S. § 23–1386(D), the Board argues that statutorily the general counsel has unreviewable discretion to determine which charges of unfair labor practices under the Act shall be prosecuted. In support of this contention, the Board points to the corresponding provision of the National Labor Relations Act, 29 U.S.C.A. § 153, and United States Supreme Court decisions interpreting the authority of the general counsel under the national act.

Section 153(d) of the National Labor Relations Act provides in part:

(d) There shall be a General Counsel of the Board who shall be appointed by the President .... He shall have *final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints under section 160 of*

1. For a history of the federal constitutional attack on this Act, *see, United Farm Workers Nat. Union v. Babbitt,* 449 F.Supp. 449 (D.C. Cir.1978); reversed, *Babbitt v. United Farm Workers Nat. Union,* 442 U.S. 289, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979).

*this title* [prosecution of unfair labor practices], and in respect of the prosecution of such complaints before the Board. (Emphasis added.)

In *N.L.R.B. v. Sears, Roebuck & Co.,* 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975), the United States Supreme Court had occasion to review the administrative processing of a charge of an unfair labor practice under the National Labor Relations Act. After noting that the adjudication process in unfair labor practice cases starts with the filing, by a private party, of a "charge", stated:

Although Congress has designated the Board as the principal body which adjudicates the unfair labor practice case based on such charge, [citation omitted] the Board may adjudicate only upon the filing of a "complaint"; and Congress has delegated to the Office of General Counsel "on behalf of the Board" *the unreviewable authority to determine whether a complaint shall be filed.* [Citations omitted.] In those cases in which he decides that a complaint shall issue, the General Counsel becomes an advocate before the Board in support of the complaint. In those cases in which he decides not to issue a complaint, no proceeding before the Board occurs at all. The practical effect of this administrative scheme is that a party believing himself the victim of an unfair labor practice can obtain neither adjudication nor remedy under the labor statute without first persuading the Office of General Counsel that his claim is sufficiently meritorious to warrant Board consideration. (Emphasis added.)

421 U.S. at 138, 95 S.Ct. at 1510, 44 L.Ed.2d at 40.

For similar pronouncements by the United States Supreme Court as to the "unreviewable authority" of the general counsel to issue unfair labor practice complaints,

see *Detroit Edison Co. v. N.L.R.B.,* 440 U.S. 301, 99 S.Ct. 1123, 59 L.Ed.2d 333 (1979); *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

While none of these United States Supreme Court cases deal directly with a court challenge of the general counsel's refusal to issue a complaint, such a direct challenge was presented in *United Electrical Contractors Assoc. v. Ordman,* 366 F.2d 776 (2nd Cir.1966), *cert. denied,* 385. U.S. 1026, 87 S.Ct. 753, 17 L.Ed.2d 674 (1967) (cited with approval in *Vaca v. Sipes,* 386 U.S. at 182, 87 S.Ct. at 913, 17 L.Ed.2d at 853.

In *United Electrical Contractors Assoc.,* the court summarily held:

We agree with the court below that upon petitions for a declaration of rights by disappointed charging parties the district courts may not review the day-to-day exercise of the discretion given to the General Counsel in the issuance of Board unfair labor practice complaints . . . .

366 F.2d at 776.

While the UFW acknowledges the similarity of language between the Arizona and national acts and the interpretations by the Federal courts of the discretionary authority of the general counsel under the national act, it argues that this authority is unpersuasive for several reasons.[2]

The UFW first argues that the Board itself has, by regulation, interpreted the general counsel's discretion to refuse to issue a complaint to be reviewable by the Board and thus, under A.R.S. § 23–1390(F), these Board decisions are reviewable by the courts.

The applicable regulation (A.C.R.R. R4–2–47) provides in part:

Refusal to Issue Complaint

A. If, after the charge has been filed, the general counsel declines to issue a complaint, or having withdrawn a com-

---

**2.** The UFW also argues that since the trial court denied the Board's motion to dismiss based upon this argument and did not cross-appeal from that denial, the Board is precluded from raising this issue on appeal. A cross-appeal is unnecessary to preserve an issue on

appeal where the issue was raised before the trial court and a ruling on that issue supports the trial court's final judgment. *See Walters v. First Federal Savings & Loan Ass'n,* 131 Ariz. 321, 641 P.2d 235 at 235 (1982).

plaint, refuses to reissue it, he shall so advise the parties in writing, accompanied by a simple statement of the procedural or other grounds for his action. The person making the charge may obtain a review . . . within ten (10) days of service of notice of such refusal to issue or reissue the complaint.

\*   \*   \*   \*   \*   \*

B. The Board may sustain the general counsel's refusal to issue or reissue a complaint, stating the grounds for its affirmance, or may direct the general counsel to take further action.

■ We are not convinced that this regulation, assuming the Board has authority to promulgate it, has the effect urged by the UFW. The regulation, on its face, allows the Board only to "review" the refusal, to "sustain" the refusal or "direct the general counsel to take further action." Conspicuous by its absence is any authority granted by the regulation to the Board to direct the general counsel to file a complaint and prosecute the same before the Board. Given the clear legislative directive that the general counsel "shall have final authority, on behalf of the Board" to issue unfair labor practice complaints we do not interpret R4–2–47(B) to be in conflict with that directive. We, therefore, hold that action taken by the Board under the authority of R4–2–47 does not reach the level of a decision binding upon the general counsel which would be reviewable under A.R.S. § 23–1390(F).

■ Next, the UFW argues that since the scope of judicial review of "decisions" of the Board is broader than the judicial review of N.L.R.B. decisions (limited to unfair labor practices) that the federal interpretation of general counsel's authority is not persuasive. The validity of this argument depends upon the proposition that since by regulation the general counsel's refusal is reviewable by the Board, that "decision" on review is judicially reviewable. We reject this argument for the same reasons previously expressed.

■ The UFW next contends that based upon legislative history, the legisla-ture intended that decisions of the general counsel be judicially reviewable. This argument runs thusly: R4–2–47(B) (allowing Board review of the general counsel's refusal to issue a complaint) was in existence prior to 1980; in 1980 the legislature amended § 23–1390(F) to allow judicial review of any Board "decision"; since the legislature must have known of the existence of R4–2–47(B) and the decisional process involved therein; the legislature intended Board "decisions" on general counsel's actions to be reviewable. Aside from the fact that this argument attributes to the legislature an omniscience which we doubt even the legislature would profess it possesses, we find the legislative history of this particular amendment does not support such an intent. The 1980 amendment to A.R.S. § 23–1390(F) was part of a comprehensive effort by the legislature, in the words of the Act itself, "to regularize the procedure whereby administrative decisions are judicially reviewed by prescribing that appeals from certain administrative decisions are to be governed by the administrative review act." Laws 1980, ch. 231, § 1. Included in Senate Bill 1151 (by which A.R.S. § 23–1390(F) was amended) were amendments to 78 different statutes which effectuated the stated legislative purpose— to make all of the decisions of various state administrative agencies uniformly subject to judicial review under title 12, chapter 7, article 6 (the Administrative Procedure Review Act).

We find nothing in this comprehensive standardization of the manner in which judicial review can be obtained of administrative decisions which would justify our concluding that the legislature intended to put its stamp of approval on every existing regulation of the numerous administrative agencies affected by Senate Bill 1151.

■ Finally, the UFW argues that to deny judicial review of decisions made by the Board's general counsel as to the worthiness of charges of unfair labor practices would be unconstitutional under article 6, section 4 of the Arizona Constitution. The portion of this constitutional provision re-

lied on provides that the Supreme Court "shall have appellate jurisdiction in all actions and proceedings." The argument apparently is that the term "all actions and proceedings" includes administrative actions and therefore the legislature cannot constitutionally prohibit judicial review of such action. The law is clearly to the contrary. The power granted by the constitution to the courts of this state is that of "judicial power." Ariz. Const. art. 6, § 1. "Judicial power" includes only those powers which as a matter of law, can be conferred on courts as such and does not include power to hear and decide matters which have been conferred on administrative or executive officers acting in the exercise of duties imposed upon them by law. *Batty v. Arizona State Dental Board,* 57 Ariz. 239, 112 P.2d 870 (1941). This argument is totally without merit.

In our opinion, the interpretation placed by the highest federal court on the companion federal legislation is clearly persuasive, but not controlling. However, our independent evaluation of A.R.S. § 23–1390(D) leads us to conclude that the legislature intended that, because of the position of general counsel in the administrative scheme of handling labor disputes, general counsel's discretion to either file or refuse to file a complaint is absolute and not judicially reviewable. The language of the statute that general counsel is the "final authority" clearly mandates that result. Moreover, since general counsel is not only the investigating and "complaining" instrumentality but also the "prosecutor" of that

complaint it would be self-defeating to require general counsel to prosecute a complaint which he himself felt was not worthy of prosecution. For this reason we reject the dicta in cases such as *Augspurger v. Brotherhood of Locomotive Engineers,* 510 F.2d 853 (8th Cir.1975); *N.L.R.B. v. International Brotherhood of Electrical Workers,* 445 F.2d 1015 (9th Cir.1971); and *Retail Store Employees Union v. Rothman,* 298 F.2d 330 (D.C.Cir.1962), which would appear to be contrary to the United States Supreme Court pronouncements on the subject.

We, therefore, hold that the decision of the general counsel to file or refuse to file an unfair labor practice complaint is statutorily unreviewable in the sense that general counsel's decision on that particular case may not be judicially changed.

The judgment of the trial court is affirmed.

KLEINSCHMIDT, P.J., and YALE McFATE, Judge (Retired), concur.

Note: The Honorable YALE McFATE, a retired judge of a court of record, was authorized to participate by the Chief Justice of the Arizona Supreme Court pursuant to Arizona Const. art. VI, § 20.